IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL LAFITTE DUMONDE, *
    PLAINTIFF, *
  *
VS. *  Civil Action No. 07=0629 (JDB)
WARDEN D. DREW, PAUL- *
-D. CLEMENT, and- *
THE UNITED STATES OF AMERICA, *
    Defendants. /

RULE 60(b) MOTION FOR RELIEF OF FINAL ORDER-
OF APRIL 10, 2007, DISMISSING HABEAS CORPUS

COMES NOW THE PLAINTIFF, DANIEL LAFITTE DUMONDE, by and through himself, in Pro-Se, and Makes this Motion to pursuant to **Rule 60(b), Federal Rules of Civil Procedure**, for relief of Final Order of this Court issued **April 10, 2007**, dismissing a duly filed Writ of Habeas Corpus, referenced -as referenced above.

That this Court has dismissed the Writ in **Error** citing "lack of Jurisdiction" and has **failed by Mistake to Understand the claims of the instant Petition**, and the Judgement is void, specifically identified here as follows:

1. CONTRARY TO THIS COURT"S UNDERSTANDING, PLAINTIFF IS NOT AND DID NOT CONTEST A JUDGEMENT OF CONVICTION ENTERED BY- "AN ALABAMA STATE COURT".

2. THAT IT IS APPARENT, WHEN PROPERLY READING THE CONTENT- AND CAPTION NAMING "D.DREW" AND THE SOLICITOR GENERAL OF THE UNITED STATES, RESPONDENTS, THAT PLAINTIFF IS IN FEDERAL-

(PAGE ONE)

--**CUSTODY**, and it appears that this Court could not reasonably or inadvertently mistake this fact.

3. THE WRIT MAKES CLEAR THAT THE ISSUE IS -<u>LACK OF FEDERAL- JURISDICTION IS THE ISSUE</u>, and this is ever more clear on the first page following the cover, which is captioned "FUNDAMENTAL QUESTIONS".

4. IN FURTHER CLARIFICATION TO ASSISTANCE OF THIS COURT'S UNDERSTANDING, PLAINTIFF'S CURRENT -<u>ILLEGAL DETENTION IS THE RESULT OF FEDERAL GOVERNMENT'S SEIZURE OF STATE DETAINEE FROM COUNTY JAIL</u> **WHERE THE FEDERAL GOVERNMENT DETERMINED- (ERRONEOUSLY)-** THAT THE **SAME SET OF FACTS** AS IN THAT **STATE- CASE CONSTITUTED A FEDERAL CAUSE OF ACTION**. Erroneously, hence the <u>lack of Federal-SUBJECT MATTER JURISDICTION,</u> and the naming of **THE SOLICITOR GENERAL AS RESPONDENT/DEFENDANT**.

5. THAT THE FEDERAL GOVERNMENT <u>COMMENCED PROSECUTION WHILE THE SAME SET OF FACTS AS CONSTITUTED THE STATE CASE-WAS BEING CONTESTED AS AN ILLEGAL ARREST</u>, and that in an <u>UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY</u>, -THE STATE CASE BEING <u>DISMISSED,</u> THE STATE ARREST NOW <u>PROVEN IPSO-FACTO BY THE EXHIBITS ATTACHED TO THE INSTANT HABEAS CORPUS PETITION-TO BE IN FACT AND LAW, AN ILLEGAL ARREST-</u> THE FEDERAL GOVERNMENT HAD <u>NO -PERSONAL JURISDICTION OF PLAINTIFF BASED ON SAME SET OF BAD STATE FACTS AND ILLEGAL ARREST.</u>

(PAGE TWO)

6. THAT PLAINTIFF ASSERTS THAT <u>SERIOUS OFFICIAL CRIMES WERE COMMITTED BY STATE,THEN FEDERAL OFFICIALS SEEKING TO COVER UP AND CONCEAL THE FACT THAT THE STATE ARREST WHICH WAS SEIZED IN THE UNBROKEN CHAIN OF CUSTODY</u>, IN FACT CONSTITUTED A <u>KIDNAPPING</u>, AS THE STATE ARREST WARRANT WAS ACTUALLY-<u>A FICTITIOUS INSTRUMENT-MANUFACTURED BY CORRUPT STATE POLICE WITHOUT ANY JUDICIAL PROCESS-EXCEPT JUDICIAL CONSPIRACY TO COVER UP THIS ABSOLUTE FACT</u>,-THAT <u>CANNOT BE REASONABLY-ARGUED DIFFERENTLY</u>.

7. THAT THIS COURT CLEARLY HAS JURISDICTION UNDER <u>ARTICLE ONE SECTION 9, CLAUSE 2,</u> AND ARTICLE III OF THE UNITED STATES CONSTITUTION TO HEAR PLAINTIFF'S <u>CLAIMS OF STRICTLY CONSTITUTIONAL ISSUES.</u> THAT PLAINTIFF WAS SEIZED BY STATE,<u>THEN FEDERAL</u> AUTHORITIES WITHOUT PERSONAL OR SUBJECT MATTER <u>JURISDICTION</u>, PLAINTIFF IS BEING HELD <u>TANTAMOUNT TO SLAVERY, HAS BEEN TOURTURED, AND CONTINUES TO BE TORTURED WHILE BEING UNCONSTITUIONALLY HELD IN UNAUTHORIZED AND UNJUSTIFIED CONFINEMENT</u>, IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS.

IN CONCLUSION, PLAINTIFF MOVES FOR RELIEF OF FINAL ORDER, REINSTATEMENT OF HIS HABEAS PETITION TO THE DOCKET, AND CLAIMS ENTITLEMENT TO RELIEF BY DISCHARGE, AS (OVER)-DUE.

RESPECTFULLY SUBMITTED,

THIS 17 DAY OF APRIL, 2007

-DANIEL DUMONDE

(PAGE THREE)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Daniel Lafitte Dumonde,<br><br>Petitioner,<br><br>v.<br><br>Warden D. Drew, *et al.*,<br><br>Respondents. | Civil Action No. 07-0629 (JDB) |

## MEMORANDUM OPINION

Petitioner seeks review by this Court of his application for a writ of *habeas corpus*, which he also filed in the United States District Court for the Middle District of Alabama. Upon consideration of the petition, the Court will dismiss the case for lack of jurisdiction.

Petitioner challenges his judgment of conviction entered by an Alabama state court. Federal court habeas review of state convictions is available under 28 U.S.C. § 2254 but only after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Because petitioner challenges his Alabama state conviction and is incarcerated in Montgomery, Alabama, the Middle District of Alabama is properly situated to entertain his petition. No basis exists for maintaining the action here. The case therefore will be dismissed by separate Order issued contemporaneously.

                                                        s/
                                        JOHN D. BATES
                                    United States District Judge

Dated: April 10, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Daniel Lafitte Dumonde,

Petitioner,

v.                                                  Civil Action No. 07-0629 (JDB)

Warden D. Drew, *et al.*,

Respondents.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that this case is **DISMISSED** for want of jurisdiction. This is a final appealable Order.

                                         s/
                                    JOHN D. BATES
                               United States District Judge

Dated: April 10, 2007