IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL LAFITTE DuMONDE,     *
         Plaintiff,     *
                      *
V.     *   CASE No. 07-0629 (JDB)
WARDEN D.DREW, F.P.C.-     *
-MONTGOMERY, PAUL D. CLEMENT     *
and UNITED STATES OF AMERICA.     *
         Defendants.
_____/

## MOTION TO TAKE JUDICIAL NOTICE THAT PLAINTIFF-
## HAS BEEN SEIZED AND DEPRIVED OF LIBERTY WITHOUT DUE PROCESS

**COMES NOW THE PLAINTIFF,** DANIEL LAFITTE DuMONDE, by and through himself in the above referenced cause-**A Writ for Habeas Corpus,** and moves in this Honorable Court pursuant to-Rule 201 Federal Rules of Evidence, -TO TAKE JUDICIAL NOTICE of the the facts below.

That this Motion is filed contemporaneously with submission of a **Rule 60(b) Motion for Relief** of final order of this Court dismissing Habeas Corpus. That **Rule 201** is appropriate vehicle in this instance, as Plaintiff's Habeas Complaint is <u>Criminal in Nature</u>. The facts herein are not subject to reasonable-dispute, as a matter of law known within all territorial Jurisdictions, and the facts are capable of ready and accurate determination by resort to sources whose accuracy cannot be reasonably questioned.

On these premises, Plaintiff submits the following:

**(PAGE ONE)**

## FACTS

1. The Language of The **FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION PROVIDES** in relative part- ..."<u>No Warrants</u> shall issue, but upon Probable Cause, supported by <u>Oath or Affirmation</u>, and <u>Particularly decribing...</u>,"the persons... -<u>to be Seized</u>".

2. That in an <u>UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY</u>, herein Plaintiff was first -<u>SEIZED FROM HIS HOME</u> by State of -Alabama/County Police who used "NO CHARGING INSTRUMENTS"- i.e., a <u>SWORN OATH AFFIDAVIT CONTAINING THE EXCLUSIVE CONDUCT OF ANOTHER PERSON</u>, and a document Purporting to be "Arrest -Warrant", which is in fact-<u>UNRECORDED IN THE STATE/COUNTY CLERK'S OFFICE</u>. (Attached Habeas Corpus Exhibits,"<u>J</u>", "<u>G</u>", and -"<u>L</u>".

3. That the **Historically unchanged STARE DECISIS OF THE SUPREME COURT** concerning the Fourth Amendment's order of "Oath or Affirmation" concerning Affidavits for Warrants is ever- more clear in **FRANKS V. DELAWARE**, 438 US 154, 57 L. Ed 2d 667, 98 S Ct 2674,(1978), that where "a defendant made a substantial preliminary showing that a False Statement knowingly and intentionally, <u>or with reckless disregard of for the truth was included by an Affiant in his Affidavit</u> for a (Search) Warrant" and if that false statement was necessary to the "finding of Probable Cause, <u>the Fourth Amendment required that a Hearing be held at the defendant's request that he might challenge the truthfulness of</u> **factual statements** <u>-made in the affidavit</u>, and **(2)** "if at such a hearing the defendant established by **preponderance of the evidence** the-

(PAGE TWO)

## FACTS

--allegation of perjury or reckless disregard , and, with the affidavits false material set to one side, <u>the affidavits remaining content was insuffcient to establish Probable Cause,</u> **THE (SEARCH)WARRANT HAD TO BE VOIDED**..." Id.<u>SUMMARY</u>, <u>FRANKS</u>.

4. That the <u>**FACT OF PERJURY AND RECKLESS DISREGARD WAS PROVEN BY THE AFFIANT"S TRIAL TESTIMONY IN CASE NO. 04-B-0176-S**,</u> on SEPT. 13, 2004, in THE U.S. DISTRICT COURT AT THE Northern District of Alabama, conclusively, <u>Ipso-Facto</u>, by the testimony of <u>Bobbie Jackson</u>, affiant of **Habeas Exhibits "J"and "G"**. (ATTACHED TRANSCRIPT PAGES, Habeas Corpus Exhibits, <u>R-PAGES 96,100, 102</u>.

5. THAT **NO OTHER PROBABLE CAUSE AFFIDAVIT** <u>HAS BEEN PLACED IN EVIDENCE OF PROBABLE CAUSE</u> except the **FALSE AFFIDAVIT-(Exhibit-"J")**.

6. IN <u>BROWN V. BYER</u>, 870 F. 2d 975, (5th Cir. 1989), it was held that "A <u>**FACIALLY VALID WARRANT FOR ARREST OF ONE PERSON-WOULD NOT SUPPORT THE ARREST OF SECOND PERSON, EVEN IF THE OFFICER BELIEVED THAT THE SECOND PERSON WAS GUILTY OF THE FIRST PERSON'S CRIMES**</u>".  AM Jur §28,§designation of persons-to be arrested.

7. That the Document purporting to be an "Arrest Warrant" has <u>-Never been Authenticated</u>, and **IN FACT** <u>**IS UNRECORDED BY THE COUNTY CIRCUIT COURT CLERK'S OFFICE**</u>, and this has been acknowledged by the Clerk of Jefferson County, Alabama, County where Arrest Warrant **purport to have been issued**. (Anne Marie-Adams, Clerk, letter to Plaintiff, HABEAS CORPUS <u>EXHIBIT-"L"</u>) (Attached).

(PAGE THREE)

## FACTS

**8. THAT STATE, FEDERAL AND UNIFORM RULES OF CRIMINAL PROCEDURE (RULE 224(c), MANDATORILY REQUIRE RETURN OF ARREST WARRANT TO THE CLERK,** and in this case there exists **NO RECORD OF "ISSUANCE OR RETURN".**

**9. THAT THESE UNRECORDED, UN-ISSUED, AND FALSE/PERJURED DOCUMENTS PURPORTING TO BE "ARREST WARRANT" AND "SWORN OATH AFFIDAVIT", ARE IN FACT "NO CHARGING INSTRUMENTS",** that **DID NOT AND CANNOT CONFER PERSONAL JURISDICTION TO THE STATE, NOR JURSIDICTION TO THE FEDERAL GOVERNMENT TO CONDUCT ANY TRIAL ON THE BASIS OF SAME ARREST AND FACTS IN AN UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY.**

10. The **FIFTH AMENDMENT'S LANGUAGE PROVIDES IN RELEVANT PART-** that "No **PERSON SHALL BE...DEPRIVED OF ...LIBERTY...WITHOUT DUE PROCESS OF LAW."**

   IN CONCLUSION, THE ABOVE FACTS ARE NOT SUBJECT TO REASONABLE DISPUTE, AND WHOSE ACCURACY CANNOT BE REASOABLY QUESTIONED, AND PLAINTIFF MOVES THAT THIS COURT TAKE JUDICIAL-NOTICE OF SAME.

                              RESPECTFULLY SUBMITTED,

                              THIS _19_ DAY OF APRIL, 2007,

                        By-
                              /s/ [signature]
                              DANIEL L. DUMONDE, PLAINTIFF
                              Pro-Se Habeas Corpus.

(PAGE FOUR)

## PROOF OF SERVICE

THAT I, DANIEL LAFITTE DuMONDE, HAVE CAUSED TRUE COPY OF THIS CAUSE,- "MOTION TO TAKE JUDICIAL NOTICE THAT PLAINTIFF HAS BEEN SEIZED AND DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW", to be sent via U.S. Mail, Postage paid, to the following persons who may have interest in the outcome of this case, a writ for Habeas Corpus, as referenced in the above, and as follows:

SENATOR PATRICK J. LEAHY
Senate Judiciary Committee
711 SHOB
WASHINGTON, D.C., 20510-3802

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES
10th and CONSTITUTION AVE.
WASHINGTON, D.C., 20530

Sworn by TITLE 28, USC §1746

AND DONE, THIS __19__ DAY OF APRIL, 2007

By-
/s/ _Daniel L. DuMonde_
DANIEL L. DuMONDE, PLAINTIFF
#21609-001, MOBILE-B
F.P.C. MAXWELL AFB
MONTGOMERY, ALABAMA, 36112

(PAGE FIVE)

# DEPOSITION

INTAKE NO. 88961806

Date: 10/16/03
Issued: 10/16/03
Refused: _____
Referred: _____
Bond: 100,000
Magistrate: SW

Personally appeared before me **BOBBIE D. JACKSON** JUDGE
(Affiant)
being by me first duly sworn, deposes and says:

On **8 25 2003   1230 PM**, at **AND 9 PM   3700 CHARLESTON LANE   BHAM AL**
(date and time) (location)

the following incident occurred: *Subject came to my home. Said he was Paul Moore's son. Presented me with a counterfeit cashiers check in exchange for my diamond ring - center stone 4½K & 2K on side*

## SUSPECT INFORMATION

Name: **DUMONDE, DANIEL LAFITTE**   Race **W**   Sex **M**   DOB **3 31 1952**

Aliases/Description: **GOLDBERG, LENNY**   HAIR **BRO**   EYES **BLU**

Hgt **5** ft **10** in   Wgt **195**   Work: **DISABLED**

Res. Add: **324 WASHINGTON ST   BESSEMER AL   35020**

SS #: **077 68 7398**   FBI #: **AL**   FPC #: _____

Prior Record? **YES**   Relation to Victim: _____

VICTIM: **JACKSON, BOBBIE D**   DOB **03021932** RACE **W** SEX **F**
**3700 CHARLESTON LANE**
**BHAM AL   35216**   HOME **402 2446**   WORK **241 0302**
(name and address)

Does victim have prior record? **NO**

OFFICER IN CHARGE OF CASE

**TICE, V W**   JCSO **03087658**   BADGE #
HOME **521 1571**   WORK **972 0462**   OCA **003087658**   ORI **AL0010000**
(name, jurisdiction, case no., phone no.)

OTHER

In custody? Yes ___ No **X**   If yes, where? ___   **AT LARGE**
Is this case a Bham Bail Warrant? Yes ___ No ___   Has case been previously discussed with DA or Magistrate?
Yes ___ No ___   If yes, with whom? _____

OFFENSE: **THEFT 1**

EXHIBIT **J**

_Magistrate signature_
Magistrate

x **Bobbie D. Jackson**

Bess.

| STATE OF ALABAMA UNIFIED JUD. SYSTEM FORM DC-6J  7/89 | 20314092 | AFFIDAVIT / WARRANT | CASE NUMBER 03 1274 ID YR NUMBER |

IN THE DISTRICT COURT OF JEFFERSON COUNTY

THE STATE VS. DUMONDE, DANIEL LAFITTE

AGENCY: JEFF CTY SHERIFF
OCA: 003087658
23C
WARRANT NO. 4184
JCID NO. 1784

**SHERIFF'S INFORMATION:**
SEX MALE   EYE BLUE   SKIN   NEAR 51 YEARS OLD
RACE WHITE   HAIR BROWN   WEIGHT ABOUT 195 LBS.   DOB ABOUT 3/31/1952
HEIGHT ABOUT 5 FEET 10 INCHES   SSN 077687398
ADDRESS: 324 WASHINGTON ST  1829 13th AVE  EMPLOYER: DISABLED
BESSEMER AL 35020  Bess 35020
REMARKS: AKA GOLDBERG, LENNY   SPENCER, DANIEL
FITTER, MARSHALL   JACKSON, CURTIS

1829 13th ST N, Bess 35020

**COMPLAINT:**
PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY AND FOR SAID COUNTY  JACKSON, BOBBIE D  WHO BEING DULY SWORN, SAYS
DUMONDE, DANIEL LAFITTE  WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID COUNTY
DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION,
1 DIAMOND RING $25,050.00

COMMITTED TO JAIL
OCT 23 2003
MIKE HALE
SHERIFF

THE PROPERTY OF  BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAID PROPERTY, IN VIOLATION OF SECTION
13A-8-3 OF THE ALABAMA CRIMINAL CODE

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS 16 DAY OF OCTOBER 20

MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY       Bobbie D Jackson
                                                                  AFFIANT

TO ANY LAWFUL OFFICER OF SAID STATE,
YOU ARE HEREBY COMMANDED TO ARREST  DUMONDE, DANIEL LAFITTE  AND BRING HIM OR HER BEFORE
THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE STATE OF
ALABAMA ON A CHARGE OF  THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER) $2500)
PREFERRED BY  JACKSON, BOBBIE D   WITNESS MY HAND THIS 16 DAY OF OCTOBER 2003

OFFENSE CODE  23990112

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

**BOND**
THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE SUM
$100,000  DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

**COMMENTS:**
                    MAHON          /CGDK    88961806
AT LARGE; BOND JUDGE WATKINS

TICE, V W          JCSO  03087658           00000
RECEIPT                                     EXECUTION

EXHIBIT "G"

Received In Office:            Executed by Arresting the Within Named Defendant and
                               ☐ Committed To Jail        ☐ Released on Bond Date: _____

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:  10/31/05

To:    Daniel L Dumonde

Dear Sir:

\*\*
Enclosed are the documents you requested.

These documents are not in the clerk's file: Arrest Record, Forensic Report, Investigative reports, officer or witness lists or statements, court reporter trial transcripts, notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or PSI (probation) reports.

Sincerely,

*[signature: Anne-Marie Adams]*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County


   \*\*            CLERK'S LETTER-HABEAS EXHIBIT-"L".
PLAINTIFF'S NOTE:   ENCLOSED WITH THIS LETTER WAS A "DOCKET SUMMARY"-
FOR ALA CASE #DC-03-12747-SHOWING NO "ISSUANCE OR RETURN"OF ANY-
ARREST WARRNT OR COMPLAINT. Letter was sent in response to Requests
for certified copies of EXHIBITS-"J"AND "G".

1  actually the ring, if it were in a nice jewelry store
2  somewhere, would sell for between thirty and thirty-five
3  thousand at that time.
4  Q.   And is that ring very distinguishable?
5  A.   Yes, because of the color. It's an argyle diamond from
6  Europe, and there's only one mine in Italy that mines these
7  diamonds. And it's listed in a book that's in the jeweler's --
8  Ron Redding, who was the appraiser, had the book that this ring
9  was numbered and listed in -- this diamond was numbered and
10 listed in.
11         MR. FELTON: I believe that's all I have at this
12 time, Your Honor.
13         THE COURT: All right.
14                      **CROSS-EXAMINATION**
15 **BY DEFENDANT DUMONDE:**
16 Q.   How are you doing, ma'am?
17 A.   How do you do?
18 Q.   Okay. Have you ever seen me before, ma'am?
19 A.   No.
20 Q.   You had said that -- you had said that Daniel Lafitte
21 Dumonde had called you. Now, you don't know who the person
22 was that called you pretending to be the father? You had
23 never met him?
24 A.   I never met him in person, no, sir.
25 Q.   But he spoke to you on the phone?

TESTIMONY OF BOBBIE JACKSON, CONCERNING EXHIBIT-"J"
U.S. DISTRICT COURT, (ND AL), SEPT. 13, 2004, CASE No.04-B-0176-S

```
 1  warrant?
 2          THE COURT:  No, sir.
 3          DEFENDANT DUMONDE:  I mean, swearing to something on
 4  a person that you don't know.
 5          THE COURT:  Did you learn at some point that there
 6  was information that the defendant might be involved in this,
 7  that Mr. Dumonde might be involved in this?
 8          THE WITNESS:  Yes, ma'am, I did.  I learned through
 9  Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,
10  who had done all the research on this, and found who he was and
11  where he was and where he lived and where he was located.
12          And then I gave a description -- I drew a description
13  of the young man, but I had never seen him before until I saw
14  his picture that they had.
15          THE COURT:  All right.
16  Q.   (By Defendant Dumonde)  So you couldn't honestly
17  testify and say that I knowingly obtained anything from you?
18          MR. FELTON:  I object, Your Honor.
19          THE COURT:  Overruled.
20  A.   I don't understand what you're asking me.
21          THE COURT:  Do you have any personal knowledge of
22  your dealings that this man was involved?  That's the question.
23          THE WITNESS:  Oh, no, huh-uh.
24          THE COURT:  All right.  Go ahead.
25          THE WITNESS:  I just got it all from authorities.
```

TESTIMONY OF BOBBIE JACKSON, AFFIANT OF EXHIBITS "J" AND "G"
SEPT. 13, 2004, U.S. DISTRICT COURT, (ND AL), CR-04-B-0176-S

1  DEFENDANT DUMONDE: Okay. Thank you.
2  Q. So, ma'am, can you truthfully say that I am the person
3  that called you at any given time?
4  A. No, sir, I can't say that.
5  Q. And you've never seen me before?
6  A. Not until I saw you in jail, not until I saw you when we
7  were in court.
8  Q. So I've never come up to your house; and, to your
9  knowledge, I've never defrauded you in anyway?
10 A. You never came to my house.
11 Q. But to your knowledge --
12         THE COURT: She's answered the question.
13         DEFENDANT DUMONDE: Okay. Okay. Let me see if
14 there's anything I left out. Bear with me one minute.
15                    (Brief pause)
16 Q. Oh, yes. The man that you have identified as coming to
17 your house, the young man, at the time he came and exchanged
18 the check for your diamond ring, what type of car was he
19 driving? You said you had seen it, I believe.
20 A. It was an older car. It was dark, and I could not tell,
21 but it was an older, darker car.
22 Q. It was an older, darker car. And did he get in on the
23 passenger side?
24 A. He got -- the best I could tell, he got in on the driver's
25 side. I did not know. I could not see. I didn't even have

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL LAFITTE DUMONDE,　　　　　*
　　　　-Plaintiff,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
VS.　　　　　　　　　　　　　　　*　CASE No. 07-0629-(JDB)
　　　　　　　　　　　　　　　　　*
WARDEN D.DREW, FPC MONTGOMERY,　 *
PAUL D. CLEMENT, AND UNITED-　　 *
STATES OF AMERICA,　　　　　　　 *
　　Defendants/Respondents.
_____/

**FURTHER CLARIFICATION OF HABEAS CORPUS CLAIMS-**
**AND APPROPRIATENESS OF STATUTE 28 USC §1651**

**COMES NOW THE PLAINTIFF,** DANIEL DUMONDE, and by Reference of Incorporation to contemporaneously filed **Rule 60(b) Motion for Relief of Final Order of this Court of APRIL 10, 2007, Dismissing the abve referenced Habeas Corpus Petition,** files the instant brief in additional support of relief and clarification of his **particularly EGREGIOUS CIRCUMSTANCE AND CLAIMS OF FUNDAMENTAL DUE PROCESS VIOLATIONS,** and to show this Honorable Court the appropriateness of bringing his Habeas Petition to this venue, and reasons for filing same under **Title -28, U.S.C. §1651,** to carry his priviledge under Article 1, -Section 9, Clause 2, United States Constitution, as follows:

**(1.) PLAINTIFF'S CLAIMS ARE BROUGHT ON GROUNDS OF MANIFEST- INJUSTICE,** TO WIT-

(A) That Plaintiff's **CLAIMS ARE-CRIMINAL IN NATURE:** **THAT** He -was **SEIZED FROM HIS HOME** by corrupt Jefferson County, Alabama -cops, who used **FALSE INSTRUMENTS,** including an **UNRECORDED DOCUMENT PURPORTING TOO BE AN -"ARREST WARRANT",** and a Probable-Cause Affidavit-**CONTAINING THE EXCLUSIVE CONDUCT OF- -ANOTHER** PERSON, and Personal Jurisdiction was never had, --

**(PAGE ONE)**

-AND IN <u>CLEAR VIOLATION OF **SIMPLE LANGUAGE PROTECTIONS OF THE FOURTH AMENDMENT"S PROVISION**</u> OF "Oath or Affirmation"- - "<u>particularly describing the **person** to be seized</u>".

(B) That this Affidavit supporting State of Alabama "Arrest-Warrant" are both in fact <u>**UNRECORDED IN THE COUNTY CLERK'S OFFICE**</u> of The Jefferson County, Alabama Court, and are both in fact not only Fraudulently concocted, but actually <u>FICTITIOUS</u>, and Plaintiff's Seizure from his Home by the County Corrupt Cops- <u>**CONSTITUTED A FELONY KIDNAPPING.**</u>

(CLERK'S LETTER- HABEAS CORPUS <u>EXHIBIT-"L"</u>)

(C) That these Fraudulent and Fake-"No Charging Instruments" <u>**COULD NOT AND DID NOT CONFER PERSONAL JURISDICTION**</u> TO THE STATE TO SEIZE PLAINTIFF.

(D) In an <u>**UNBROKEN CHAIN OF CUSTODY** FROM THE STATE SEIZURE TO-**FEDERAL GOVERNMENT'S SEIZURE FROM THE STATE**</u>-and ON THE <u>**SAME EXACT FACTS, DID NOT CONFER FEDERAL JURISDICTION**</u> OF PLAINTIFF'S PERSON TO THE FEDERAL GOVERNMENT.

2. That the Federal Trial was "VOID AB-INITIO" based on the above facts, and whether or not Plaintiff's claim that 28 U.S.C. 1359 prohibited District court's Jurisdiction from hearing the case as the State Facts-were in fact-<u>ON APPEAL BY STATE HABEAS CORPUS</u> CLAIMING THE ILLEGAL ARREST-at the very same time as Federal <u>USURPATION</u>, Provisions of The <u>Fifth and-Fourteenth Amndment</u>'s guarantee of Fairness-<u>is in PLAIN Violation here.</u>

(PAGE TWO)

(3) Plaintiff Asserts a <u>CONTINIUNG CONSPIRACY</u> by both State and Federal-Alabama Officials to **prevent and delay Justice in this matter:** **TWO "§2255" Motions have been** <u>Summarily Dismissed</u> as "premature"in the District of Origin, even when filed as "Motion -to Vacate" & "Motion for Judgement of Acquital". <u>A -§2241</u> was transfered by Montgomery District back to original-(N.D. AL.), <u>OVER WRITTEN OBJECTIONS</u>, CLEARLY SHOWING BIAS AND PREJUDICE.

(4) Finally Plaintiff asserts that his claims are such as cannot be legitimately opposed, **including the fact that he was never-charged with a Federal crime under** <u>Statute 18 USC §513(a)</u>.

IN CONCLUSION, Plaintiff's claims are clear violations of the fundamental guarantees of The United States Constitution: He-was <u>SEIZED AND REMAINS DEPRIVED OF LIBERTY-WITHOUT DUE PROCESS -OF LAW</u>, by use of <u>FALSELY CONCOCTED INSTRUMENTS</u>. The circumstances are <u>Extraordinary</u>, **PLAIN WRONG AT COMMON LAW**, and <u>28 U.S.C. §1651 is an appropriate vehicle</u> to carry the complaint, in aide of this Court's Jurisdiction.

PLAINTIFF IS ENTITLED TO IMMEDIATE RELIEF BY DISCHARGE.

RESPECTFULLY SUBMITTED,

THIS /7 DAY OF APRIL, 2007,

By- /s/ [signature]
DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA,  36112

(PAGE THREE)

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date: 10/31/05

To:   Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested.

These documents are not in the clerk's file: Arrest Record, Forensic Report, Investigative reports, officer or witness lists or statements, court reporter trial transcripts, notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

HABEAS CORPUS
EXHIBIT-"L"

PROOF OF SERVICE

That I, Daniel Lafitte DuMonde, Plaintiff in the above referenced cause, **a Writ for Habeas Corpus,** do hereby swear and affirm that I have caused a true copy of the foregoing "CLARIFICATION OF HABEAS CORPUS CLAIMS ANS APPROPRIATENESS OF STATUTE 28 U.S.C. §1651", to be placed in the mail box of this Institution, U.S. Postage Paid, and addressed to the following parties:

D.DREW, WARDEN,
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

PAUL D. CLEMENT, SOLICITOR GENERAL
OF THE UNITED STATES OF AMERICA,
950 PENNSYLVANNIA AVE., N.W.
WASHINGTON, D.C., 20530

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED-
-STATES,
10th and Constitution Ave. N.W.
WASHINGTON, D.C., 20530

SO SWORN, 28 U.S.C. §1746,

AND DONE, THIS /7 DAY OF APRIL, 2007

By-
/s/ [signature]
DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
"21609-001, MOBILE-B
F.P.C. MONTGOMERY, AL., 36112

(APGE FOUR)