ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,

      -Plaintiff,

VS.

D.DREW, WARDEN, FPC-MONTGOMERY,
(2) PAUL D. CLEMENT, Soliictor
General, (3) United States of
-America,

      -Defendants.

CASE No.07-0629 (JDB)

**RECEIVED**

MAY 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

## APPEAL TO CHEIF JUDGE HOGAN OF DISMISSAL OF HABEAS CORPUS, 28 U.S.C. §1651, AND (2): MOTION FOR MANDATORY INJUNCTION ON GROUNDS OF MANIFEST INJUSTICE

COMES NOW THE PLAINTIFF, DANIEL L. DUMONDE, by and through himself, in **Pro-Se**, and Appeals to Honorable Judge Thomas F. Hogan of the dismissal of his Habeas Corpus petition on April -10, 2007, and subsequent denial of his **Rule 60(b)** Motion to reinstate the Habeas Petition on **April 23, 2007.**

That concurrent with appeal for reinstatement, or in alternative thereof, Your Plaintiff moves this Honorable Court for issuance of **Mandatory Injuction** of his current **illegal, unjustified and unauthorized confinement,** by which he remains.

### MANIFEST INJUSTICE

That **truly Extraordinary and Egregious circumstances** attend the **Habeas Petition,** where the underlying facts show Plaintiff was seized from his Home without Due Process of Law by State of Alabama Authorities, who then invoked Federal Jurisdiction to the exact same **Bad** State Facts, by Subterfuge. Niether State nor Federal Government ever had **Personal Jurisdiction.**

**(PAGE ONE)**

## MANIFEST INJUSTICE DEFINED

That Plaintiff's Habeas petition submitted to this Court, is the **Seventh in a series** to be SUMMARILY DISMISSED by **Error,** and mostly-**Scheme**, **where the fundamental law of the United States has been intentionally ignored**, because of the content. The content shows here, and has shown in the previously dismissed Habeas Petitions, that serious and official crimes have been committed against Plaintiff, resulting in **Manifest Injustice.** Habeas Corpus has in fact been **Suspended** to this Citizen and Plaintiff.

For three and half years, **Jurisdiction has Never been Proved when contested** as an illegal Arrest/Seizure, neither by State of Alabama, nor **Federal Government**, even as Plaintiff has continued his fundamental objections, inter alia, in SEVEN-Seperate Habeas Petitions.

In the latest dismissal by Judge John D. Bates on April 10, 2007, and subsequent Denial of Plaintiff's **Rule 60(b) Motion to correct the** apparent error **in the Judgement of dismissal here,** Honorable Judge John D. Bates, dismissed the **Writ** claiming this Court="**lacked Jurisdiction to hear a "State Conviction"**, where there is, nor was **NO "STATE CONVICTION" IN THIS CASE.** The Issue is LACK OF FEDERAL GOVERNMENT"S PERSONAL AND SUBJECT MATTER JURISDICTION where it is shown that the FEDERAL GOVERNMENT SEIZED THE SAME SET OF (BAD) ALABAMA STATE-FACTS, IN AN UNBROKEN CHAIN OF CAUSATION FROM STATE TO FEDERAL-CUSTODY.

-(SEE ATTACHED ORDER, APRIL 10, 2007, DISMISSING-
-HABEAS CORPUS, 07-0629.) -EXHIBIT-DOC.1.)

*1 The State Case,DC-03-12747, (AL), was DISMISSED, and the Fed-proceeded on same facts.
in Case-CR-04-B-0176-S.          (PAGE TWO)

"State Law determinative in Federal Habeas Corpus as
to legality of Defendant's Arrest, is determinative
on Habeas"
GANDY V. WATKINS, 237 F. Supp. 266,I.M.D. Ala. (1964)-
cert den. 380 U.S. 946 85 S Ct. 1032, 13 L. ed 965,(1965).

While State Law has been held to be deteminative as to the
legality of Arrest in Federal Habeas corpus, the Issue here is
much more serious, as the original"Arrest"by The State Actors was
accomplished by documents only Purporting to be "Arrest Warrant".
and same is UNRECORDED in the County Court Clerk's office-(place
of purported "Issuance"). SEE HABEAS CORPUS EXHIBIT-"L").

Due to the criminal nature of Plaintiff's complaint, and the fact
that Two Seperate Habeas Petitions filed under "§2255", and Two
others filed under "§2241", as well as common law petitions, have
been Summarily dismissed previously on the same facts/claims,
these Title Sections have proved ineffective to challenge
Plaintiff's illegal detention, hence the current writ above, filed
under Article 1, Section 9, Cl 2, and using 28 U.S.C. §1651, in
aide of this Court's Jurisdisdiction.

"District Court's Power to grant Writ of Habeas
Corpus is predicated upon 28 USCS §§ 1651,
2241(a),2241(c)(1), and 2241(c)(3)".
MYERS V. PARKINSON, (1975,ED Wis) 398 F Supp 727

MANIFEST INJUSTICE: The facts of Plaintiif's Exceptional
circumstances show that his "Arrest " was not an "Arrest" at all,
but as the State "Warrant" was MANUFACTURED BY CORRUPT POLICE-
WITHOUT ANY JUDICIAL AUTHORITY, the Seizure was Tantamount to-
-KIDNAPPING.

(PAGE THREE)

## MANIFEST INJUSTICE DEFINED

The plain fact of serious Malfeasance is apparent when reviewing Plaintiff's Habeas Corpus claims and attached exhibits. The seriousness is the likely cause in most instances that other jurists have chosen not to hear the previous -petitions. Plaintiff has recently had to **complain** directly to **Members of Congress for assistance,** stating in letters to **Senator Patrick J. Leahy, Arlen Specter, Jon Kyl** and others, that as the <u>**Writ has been suspended to me**</u>, **I may have to Petition Congress for Assistance,** and therein included copy of Plaintiff's recent **R.I.C.O.** filing against the actors who have caused Plaintiff's <u>**illegal and Unconstituional Confinement**</u>.

                          **(SEE ATTCHED LETTERS TO SENATE, <u>DOC. 2,3.</u>)**

## MANDATORY INJUNCTION

Plaintiff has suffered **irreperable Injury already, where there** <u>**-EXISTS NO LAWFUL AUTHORITY TO HAVE SEIZED HIM FROM HIS HOME**</u> by **Lawless State** of Alabama **actors who used** <u>**FRAUDULENT AND -FICTICTIOUS INSTRUMENTS PURPORTING TO BE LAWFUL PROCESS,**</u> and then in an <u>**Unbroken chain of causation,**</u> **-FEDERAL GOVERNMENT** <u>**SEIZED THE SAME BAD STATE FACTS,**</u> even while the same facts were being contested simultaneously by State Habeas Corpus as **illegal**, and this process <u>**DID NOT CONFER PERSONAL JURISDICTION TO THE FED**</u> , who had **No Authority to Seize, Convict, Sentence** <u>**nor punish Plaintiff**</u>. ALL PROCEEDINGS WERE, AND REMAIN-<u>**VOID-**</u> **"AB-INITIO"**

**THE FACT OF LACK OF PERSONAL JURISDICTION CAN BE READILY DETERMINED BY THE EXHIBITS IN THE HABEAS PETITION, AND AS ATTACHED TO RECENTLY FILED-<u>"MOTION TO TAKE JUDICIAL NOTICE"</u>.**

by **Reference of Incorporation**, Plaintiff renews his **"Motion to Take Judicial Notice"** to his Honor, Cheif Judge Hogan, submitted again together with this **Appeal of Dismissal and in further support of Injunction.**

> "Where Writ of Habeas Corpus is properly issued, **Injunction is also appropriate in aid of Writ and Court's Jurisdiction** under Title **28 USCS §1651".**
> **Moore v. De Young,** (1975. CA3 NJ) 515 F. 2d 437

## OTHER FACTORS IN CONSIDERATION OF INJUNCTION

Plaintiff was lawfully declared permanently disabled at the time of his **illegal seizure 3½ Years ago,** and has been physically injured additionally in both State,then Federal custody while held on these same Bad Facts. Plaintiff has not,and is not receiving adequate medical care. While **-Irrelevant to Relief,** he continues to **Insist on his Actual -Innocence of any crime charged on these facts by the State or Federal Governments.** His Exigent and Extraordinary Circumstances outside these facts, warrant an Expedient Relief as his continued confinement is particularly Egregious, **cruel and unusual.**

**IN CONCLUSION AND RELIEF, YOUR PLAINTIFF APPEALS THE DISMISSAL OF HABEAS PETITION, MOVES FOR MANDATORY INJUNCTION ON GROUNDS OF MANIFEST INJUSTICE, AND PRAYS THIS HONORABLE COURT FOR GRANT OF SAME.**

RESPECTFULLY SUBMITTED,

THIS _30_ DAY OF APRIL,2007,

/s/ _Daniel L. Dumonde_

DANIEL L. DUMONDE, PLAINTIFF, PRO-Se

**(PAGE FIVE)**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Daniel Lafitte Dumonde,

    Petitioner,

       v.

Warden D. Drew, *et al.*,

    Respondents.

Civil Action No. 07-0629 (JDB)

## MEMORANDUM OPINION

Petitioner seeks review by this Court of his application for a writ of *habeas corpus*, which he also filed in the United States District Court for the Middle District of Alabama. Upon consideration of the petition, the Court will dismiss the case for lack of jurisdiction.

Petitioner challenges his judgment of conviction entered by an Alabama state court. Federal court habeas review of state convictions is available under 28 U.S.C. § 2254 but only after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Because petitioner challenges his Alabama state conviction and is incarcerated in Montgomery, Alabama, the Middle District of Alabama is properly situated to entertain his petition. No basis exists for maintaining the action here. The case therefore will be dismissed by separate Order issued contemporaneously.

s/
_____
JOHN D. BATES
United States District Judge

Dated: April 10, 2007

DOC. 1. —
& Attached
ORDER
2 PAGES —

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Daniel Lafitte Dumonde,** | |
| **Petitioner,** | |
| **v.** | Civil Action No.  07-0629 **(JDB)** |
| **Warden D. Drew,** *et al.*, | |
| **Respondents.** | |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that this case is **DISMISSED** for want of jurisdiction.  This is a final

appealable Order.

s/
_____
JOHN D. BATES
United States District Judge

Dated: April 10, 2007

APRIL 26, 2007

Daniel L. DuMonde
#21609-001, MOBILE-B
F.P.C. MAXWELL AFB
MONTGOMERY, AL.,
                    36112

SENATOR JOHN KYL
730   SHOB
WASHINGTON, D.C.,   20510-0304

                    RE: R.I.C.O. §Federal Judges, et.al.,
                    CASE No. 07-CV-715-JR.

Dear Senator Kyl,

  I did send copy of recently filed Racketeering Lawsuit to your

office, along with a cover letter insisting that the issues in

that suit were ISSUES OF NATIONAL IMPORTANCE.

 I wished to further notify you that the suit was entered April

23, in The United States District Court for The District of -

Columbia, and given CASE No. 07-CV-715-JR.

 Because of the Extraordinary and Egregious Events detailed in

the suit, the Writ of Habeas Corpus has been suspended to me,

as No Judge will address the serious facts. I may have to resort

to a petition for mandatory release, directly from Congress. I

again request your consideration of the seriousness of the

content, and that a Congressional Investigation should ensue.

                    RESPECTFULLY,

                    /s/ _Daniel L. DuMonde_
                    DANIEL L. DUMONDE

                              EXHIBIT 7-DOC.2

APRIL 19, 2007

DANIEL L. DuMONDE
#21609-001, MOBILE- B
F.P.C. MAXWELL AFB
MONTGOMERY, AL, 36112

SENATOR PATRICK J. LEAHY
Senate Judiciary committee
711 SHOB
WASHINGTON, D.C., 20510

RE: R.I.C.O., HABEAS CORPUS, 07-0629
CONSPIRACY, SSEDITION
Copy,-MOTION TO TAKE JUDICIAL NOTICE

DEAR SENATOR LEAHY,

I believe you should have received copy of recently filed **R.I.C.O**
**lawsuit filed against FIVE FEDERAL JUDGES, THE ATTORNEY GENERAL,**
among others.

I would like to know sir, just where this **Continuing Conspiracy**
**might be forced to cease and desist.** I recently filed a Writ of
Habeas Corpus in The District of Columbia, referenced above. The
DIstrict Court Judge there, **(JDB),** has DISMISSED THIS PETITION, this
petition being the SEVENTH OF A SERIES seeking to enforce the
fundamental protections of The United States Constituion,
particularly, **that of The FOURTH AMENDMENT as concerns the**
FICTITIOUS WARRANT AND FALSE PROBABLE CAUSE AFFIDAVIT USED TO SEIZE
ME FROM MY HOME, by first State of Alabama Authorities,
constituting a **KIDNAPPING**, and then in an **unbroken chain of**
**custody,** FEDERAL AUTHORITIES, AND JUDICIARY, who apparently are
continuing to abuse their office to **"OVERRULE"** THE CONSTITUTION.

(PAGE ONE)

*APPEAL EXHIBIT- Doc. 3*

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:   10/31/05

To:    Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested.

These documents are not in the clerk's file:  Arrest Record, Forensic Report,
Investigative reports, officer or witness lists or statements, court reporter trial transcripts,
notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or
PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

*Case No. 07. 0629*
*HABEAS CORPUS EXHIBIT- "L"*
*CLERK'S RESPONSE TO -*
*- Plaintiff's Request for*
*CERTIFIED COPIES OF ARREST -*
*- WARRANT "(HABEAS EXHIBIT- 'G' )*

RENEWED MOTION IN SUPPORT OF APPEAL TO CHEIF JUDGE HOGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAY   3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL LAFITTE DuMONDE,　　　　*

　　　　　Plaintiff,　　　　　*

　　　　　　　　　　　　*

V.　　　　　　　　　　　*　　CASE No. 07-0629  (JDB)

WARDEN D. DREW, F.P.C.-　　　*

-MONTGOMERY, PAUL D. CLEMENT　*

and UNITED STATES OF AMERICA.  *

　　　　　Defendants.　　　/

---

## MOTION TO TAKE JUDICIAL NOTICE THAT PLAINTIFF-
## HAS BEEN SEIZED AND DEPRIVED OF LIBERTY WITHOUT DUE PROCESS

**COMES NOW THE PLAINTIFF**, DANIEL LAFITTE DuMONDE, by and through himself in the above referenced cause-**A Writ for Habeas Corpus**, and moves in this Honorable Court pursuant to-**Rule 201 Federal Rules of Evidence**, -TO TAKE JUDICIAL NOTICE of the    facts below.

That this Motion is filed contemporaneously with submission of a **Rule 60(b) Motion for Relief of final order of this Court** dismissing Habeas Corpus. That **Rule 201** is appropriate vehicle in this instance, as Plaintiff's Habeas Complaint is <u>Criminal in Nature</u>. The facts herein are not subject to reasonable-dispute, as a matter of law known within all territorial Jurisdictions, and the facts are capable of ready and accurate determination by resort to sources whose accuracy cannot be reasonably questioned.

On these premises, Plaintiff submits the following:

**(PAGE ONE)**

## FACTS

1. The Language of The **FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION PROVIDES** in relative part- ..."**No Warrants** shall issue, but upon Probable Cause, supported by **Oath or Affirmation**, and **Particularly decribing...,**"the persons... -**to be Seized**".

2. That in an **UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY**, herein Plaintiff was first -**SEIZED FROM HIS HOME** by State of -Alabama/County Police who used "**NO CHARGING INSTRUMENTS**"- i.e., a **SWORN OATH AFFIDAVIT CONTAINING THE EXCLUSIVE CONDUCT OF ANOTHER PERSON**, and a document **Purporting** to be "**Arrest -Warrant**", which is in fact-**UNRECORDED IN THE STATE/COUNTY CLERK'S OFFICE**. (Attached Habeas Corpus Exhibits,"**J**", "**G**", and -"**L**".

3. That the **Historically unchanged STARE DECISIS OF THE SUPREME COURT** concerning the Fourth Amendment's order of "Oath or Affirmation" concerning Affidavits for Warrants is ever-more clear in **FRANKS V. DELAWARE**, 438 US 154, 57 L. Ed 2d 667, 98 S Ct 2674,(1978), that where "a defendant made a substantial preliminary showing that a False Statement knowingly and intentionally, **or with reckless disregard of for the truth was included by an Affiant in his Affidavit** for a (Search) Warrant" and if that false statement was necessary to the "**finding of Probable Cause, the Fourth Amendment required that a Hearing be held at the defendant's request that he might challenge the truthfulness of factual statements -made in the affidavit**, and **(2)** "if at such a hearing the defendant established by **preponderance of the evidence** the-

FACTS

<u>8</u>. THAT STATE, FEDERAL AND <u>UNIFORM RULES OF CRIMINAL PROCEDURE</u> <u>(RULE 224(c)</u>, MANDATORILY REQUIRE RETURN OF ARREST WARRANT TO THE CLERK</u>, and in this case there exists <u>NO RECORD OF</u> <u>"ISSUANCE OR RETURN"</u>.

9. THAT THESE UNRECORDED, UN-ISSUED, AND FALSE/PERJURED DOCUMENTS PURPORTING TO BE "ARREST WARRANT" AND "SWORN OATH AFFIDAVIT", ARE IN FACT "NO CHARGING INSTRUMENTS", that <u>DID</u> <u>NOT AND</u> <u>CANNOT CONFER PERSONAL JURISDICTION TO THE STATE, NOR</u> <u>JURSIDICTION TO THE FEDERAL GOVERNMENT TO CONDUCT ANY TRIAL</u> <u>ON THE BASIS OF SAME ARREST AND FACTS IN AN UNBROKEN CHAIN</u> <u>OF STATE TO FEDERAL CUSTODY</u>.

10. The FIFTH AMENDMENT'S LANGUAGE PROVIDES IN RELEVANT PART- that "No PERSON SHALL BE...<u>DEPRIVED OF ...LIBERTY...WITHOUT</u> <u>DUE PROCESS OF LAW</u>."

IN CONCLUSION, THE ABOVE FACTS ARE NOT SUBJECT TO REASONABLE DISPUTE, AND WHOSE ACCURACY CANNOT BE REASOABLY QUESTIONED, AND PLAINTIFF MOVES THAT THIS COURT TAKE JUDICIAL- NOTICE OF SAME.

RESPECTFULLY SUBMITTED,

THIS _19_ DAY OF APRIL, 2007, *RENEWED April 30, 2007 TO Cheif Judge*

By- /s/ *[signature]*

DANIEL L. DUMONDE, PLAINTIFF
Pro-Se Habeas Corpus.

(PAGE FOUR)

## PROOF OF SERVICE

THAT  I,  DANIEL  LAFITTE  DuMONDE,  HAVE  CAUSED  TRUE  COPY  OF  THIS

CAUSE,-  "MOTION  TO  TAKE  JUDICIAL  NOTICE  THAT  PLAINTIFF  HAS  BEEN

SEIZED  AND  DEPRIVED  OF  LIBERTY  WITHOUT  DUE  PROCESS  OF  LAW",  to

be    sent  via  U.S.  Mail,  Postage  paid,  to  the  following  persons

who  may  have  interest  in  the  outcome  of  this  case,  a  writ  for

Habeas  Corpus,  as  referenced  in  the  above,    and  as  follows:

SENATOR PATRICK J. LEAHY
Senate Judiciary Committee
711 SHOB
WASHINGTON, D.C., 20510-3802

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES
10th and CONSTITUTION AVE.
WASHINGTON, D.C., 20530

Sworn by TITLE 28, USC §1746

AND  DONE,  THIS  _19_ DAY  OF  APRIL, 2007

By-

/s/ Daniel L. DuMonde
DANIEL  L.  DuMONDE,  PLAINTIFF
#21609-001, MOBILE-B
F.P.C. MAXWELL AFB
    MONTGOMERY,   ALABAMA,   36112

(PAGE FIVE)

1  actually the ring, if it were in a nice jewelry store

2  somewhere, would sell for between thirty and thirty-five

3  thousand at that time.

4  Q.    And is that ring very distinguishable?

5  A.    Yes, because of the color.  It's an argyle diamond from

6  Europe, and there's only one mine in Italy that mines these

7  diamonds.  And it's listed in a book that's in the jeweler's -

8  Ron Redding, who was the appraiser, had the book that this ring

9  was numbered and listed in -- this diamond was numbered and

10  listed in.

11         MR. FELTON:  I believe that's all I have at this

12  time, Your Honor.

13         THE COURT:  All right.

14                CROSS-EXAMINATION

15  BY DEFENDANT DUMONDE:

16  Q.    How are you doing, ma'am?

17  A.    How do you do?

18  Q.    Okay.  Have you ever seen me before, ma'am?

19  A.    No.

20  Q.    You had said that -- you had said that Daniel Lafitte

21  Dumonde had called you.  Now, you don't know who the person

22  was that called you pretending to be the father?  You had

23  never met him?

24  A.    I never met him in person, no, sir.

25  Q.    But he spoke to you on the phone?

TESTIMONY OF <u>BOBBIE JACKSON</u>, AFFAINT OF EXHIBITS-<u>"G"</u>&<u>"J"</u>
SEPT. 13, 2004, CASE No.<u>CR-04-B-0176-B</u>, (ND AL.) U.S. DIST.COURT

1    warrant?

2              THE COURT:  No, sir.

3              DEFENDANT DUMONDE:  I mean, swearing to something on

4    a person that you don't know.

5              THE COURT:  Did you learn at some point that there

6    was information that the defendant might be involved in this,

7    that Mr. Dumonde might be involved in this?

8              THE WITNESS:  Yes, ma'am, I did.  I learned through

9    Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,

10   who had done all the research on this, and found who he was and

11   where he was and where he lived and where he was located.

12             And then I gave a description -- I drew a description

13   of the young man, but I had never seen him before until I saw

14   his picture that they had.

15             THE COURT:  All right.

16   Q.   (By Defendant Dumonde)  So you couldn't honestly

17   testify and say that I knowingly obtained anything from you?

18             MR. FELTON:  I object, Your Honor.

19             THE COURT:  Overruled.

20   A.    I don't understand what you're asking me.

21             THE COURT:  Do you have any personal knowledge of

22   your dealings that this man was involved?  That's the question.

23             THE WITNESS:  Oh, no, huh-uh.

24             THE COURT:  All right.  Go ahead.

25             THE WITNESS:  I just got it all from authorities.

<u>TESTIMONY OF BOBBIE JACKSON</u>, AFFAINT OF EXHIBITS-"G"&"J"

<u>SEPT. 13, 2004</u>, Case No. <u>CR-04-B-0176-S</u>, (ND AL),U.S. DIST. COURT

1    DEFENDANT DUMONDE:  Okay.  Thank you.

2  Q.   So, ma'am, can you truthfully say that I am the person

3  that called you at any given time?

4  A.   No, sir, I can't say that.

5  Q.   And you've never seen me before?

6  A.   Not until I saw you in jail, not until I saw you when we

7  were in court.

8  Q.   So I've never come up to your house; and, to your

9  knowledge, I've never defrauded you in anyway?

10  A.   You never came to my house.

11  Q.   But to your knowledge --

12    THE COURT:  She's answered the question.

13    DEFENDANT DUMONDE:  Okay.  Okay.  Let me see if

14  there's anything I left out.  Bear with me one minute.

15    (Brief pause)

16  Q.   Oh, yes.  The man that you have identified as coming to

17  your house, the young man, at the time he came and exchanged

18  the check for your diamond ring, what type of car was he

19  driving?  You said you had seen it, I believe.

20  A.   It was an older car.  It was dark, and I could not tell,

21  but it was an older, darker car.

22  Q.   It was an older, darker car.  And did he get in on the

23  passenger side?

24  A.   He got -- the best I could tell, he got in on the driver's

25  side.  I did not know.  I could not see.  I didn't even have

# DEPOSITION

INTAKE NO.   8896180b

Date: _10/16/__
Issued: _ISSUE 3_
Refused: _____
Referred: _____
Bond: _100 000_
Magistrate: _SW_

Personally appeared before me ___BOBBIE D. JACKSON___  JUDGE
being by me first duly sworn, deposes and says:                    (Affiant)

On ___8 25 2003___   ___1230___   PM _____, at  AND 9 PM  3700 CHARLESTON LANE  BHAM AL
              (date and time)                                              (location)

the following incident occurred: _Subject came to my home said_
_he was Paul Moore's Son. Presented me w_
_a Counterfeit cashiers check in exchange for_
_my diamond Ring - center stone 4½K & 2K main_

## SUSPECT INFORMATION

Name: ___DUMONDE, DANIEL LAFITTE___

Aliases/Description: ___GOLDBERG, LENNY___

Race  W   Sex  M   DOB  3 31 1
HAIR  BRO   EYES  BLU

Hgt ___5___ ft ___10___ in Wgt ___195___ Work: ___DISABLED___

Res. Add: ___324 WASHINGTON ST___    ___BESSEMER AL___    ___35020___

SS #: ___077 68 7398___    FBI #: ___AL___    FPC #: _____

Prior Record? ___YES___    Relation to Victim: _____

VICTIM    JACKSON, BOBBIE D    DOB 03021932 RACE W  SEX F
          3700 CHARLESTON LANE
          BHAM AL            35216    HOME  402 2446    WORK  241 0302
                    (name and address)

OFFICER IN CHARGE OF CASE                    Does victim have prior record? ___NO___
    TICE, V W
    HOME  591 1571    WORK  972 0462    JUSO  03087658    BADGE #
OTHER                           OCA  003087658    ORI  AL0010000
                    (name, jurisdiction, case no., phone no.)

In custody? Yes ____ No ___X___  If yes, where? ___x___    AT LARGE
Is this case a Blank Bail Warrant?  Yes ____ No ____  Has case been previously discussed with DA or Magistrate?
Yes ____ No ____  If yes, with whom? _____
OFFENSE: ___THEFT 1___

_____
Magistrate

EXHIBIT "J"

x _Bobbie B Jackson_

*Bess.*

STATE OF ALABAMA
UNIFIED JUD. SYSTEM

FORM DC - 6J          7/89          203/4092

**AFFIDAVIT / WARRANT**

CASE NUM

ID  03  YR  12  NUM

IN THE DISTRICT COURT OF JEFFERSON COUNTY

THE STATE VS.  DUMONDE, DANIEL LAFITTE

AGENCY:  JEFF CTY SHERIFF
OCA:  003087658

23 C

WARRANT NO.  4
JCID NO.  1

SHERIFF'S
INFORMATION:

SEX MALE      EYE BLUE
RACE WHITE    HAIR BROWN
HEIGHT ABOUT  5 FEET  10 INCHES

SKIN
WEIGHT ABOUT  195 LBS.

NEAR 51   YEARS OLD
DOB ABOUT  3/31/19

ADDRESS:  324 WASHINGTON ST  1829 12TH AVE
BESSEMER AL  35020  Bess 35020

SSN 077687398
EMPLOYER:  DISABLED

REMARKS:  AKA  GOLDBERG, LENNY
          FITTER, MARSHALL

SPENCER, DANIEL
JACKSON, CURTIS

*1829 12th ST N, Bess 35020*

COMPLAINT:

PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON CO
AND FOR SAID COUNTY  JACKSON, BOBBIE D
DUMONDE, DANIEL LAFITTE                          WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID
DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION,
      1 DIAMOND RING $25,050.00

**COMMITTED TO JAIL**
OCT 23 2003
OF MIKE PROPERTY
SHERIFF

THE PROPERTY OF  BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAIKE PROPERTY,  IN VIOLATION OF SECTI
13A-8-3 OF THE ALABAMA CRIMINAL CODE

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS  16  DAY OF  OCTOBER

MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY

AFFIANT

TO ANY LAWFUL OFFICER OF SAID STATE,
YOU ARE HEREBY COMMANDED TO ARREST
THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE ST
ALABAMA ON A CHARGE OF  THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER) $2500)
PREFERRED BY  JACKSON, BOBBIE D      WITNESS MY HAND THIS  16  DAY OF  OCTOBER  20

OFFENSE CODE  23990112

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

BOND
THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE S
$100,000 DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER

COMMENTS:
AT LARGE; BOND JUDGE WATKINS  MAHON

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

/CGDK  88961806

JUSTICE. V W
RECEIPT          JCSO  03087658                    00000

*EXHIBIT "G"*

Received In Office:

EXECUTION

Executed by Arresting the Within Named Defendant and

☐ Committed To Jail

☐ Released on Bond Date:

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:   10/31/05

To:    Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested. **

These documents are not in the clerk's file:  Arrest Record, Forensic Report, Investigative reports, officer or witness lists or statements, court reporter trial transcripts, notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

** <u>CLERK'S LETTER-HABEAS EXHIBIT-"L"</u>.
<u>PLAINTIFF'S NOTE</u>:  ENCLOSED WITH THIS LETTER WAS A "DOCKET SUMMARY FOR ALA CASE #DC-03-12747-<u>SHOWING NO "ISSUANCE OR RETURN"OF ANY-</u> <u>ARREST WARRNT OR COMPLAINT</u>. Letter was sent in response to Request for certified copies of <u>EXHIBITS-"J"AND "G"</u>.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,       *
           -Plaintiff,    *
                      *

VS.                    *    CASE    NO.1:07-CV-00715-

JEFFERSON CO. AL., Et.Al.,  *     **RECEIVED**
         -Defendants.   *

_____/   MAY 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AMENDMENT OF COMPLAINT, ADDING DEFENDANT PARTIES

COMES NOW THE PLAINTIFF, DANIEL L. DuMONDE, and pursuant to RULE 15(a), Federal Rules of Civil procedure, herby amends his Complaint referenced above, to include the following parties, and additionally, numerically as follows:

**18.**

PLAINTIFF HEREIN NAMES AS DEFENDANT:

VIRGINA VINSON, JUDGE, CIRCUIT COURT, Jefferson County, Alabama, 10th Judicial Circuit, 801 Richard Arrington Jr. Blvd, -North, BIRMINGHAM, ALABAMA. 35203

DEFENDANT VINSON'S CONDUCT IS OUTLINED IN THE ORIGINAL COMPLAINT, and the Alledged Predicate Acts are therein defined.

**19.**

PLAINTIFF HEREIN NAMES AS DEFENDANT:

ROBERT G. CAHILL, JUDGE, DISTRICT COUNTY COURT, Jefferson County, Alabama, 10th Judicial Circuit, 801 Richard Arrington- -Jr. Blvd. North, BIRMINGAHM, ALABAMA, 35203

DEFENDANT ROBERT CAHILL'S CONDUCT IS OUTLINED IN THE ORIGINAL- COMPLAINT, and the Alledged Predicate Acts are therein defined.

**(PAGE ONE)**

## ADDITIONAL DEFENDANT PARTIES

**20.**

**PLAINTIFF HEREIN NAMES AS DEFENDANT:**

 **SHELDON WATKINS**, JUDGE, COUNTY CIRCUIT COURT, Jefferson County,
-Alabama, 10th Judicial Circuit, 801 Richard Arrington Jr. Blvd,
-North, BIRMINGAHM, ALABAMA, 35203.

### COMPLAINT AGAINST SHELDON WATKINS

   Plaintiff **charges Judge Sheldon Watkins**, did Knowingly and
wilfully <u>fail to act</u>, after being fully informed by Plaintiff
via certified mail, and other mailings, that his **name had been
used on the False Arrest Warrant in controversy**, and that the
name **"JUDGE WATKINS", did appear on that Warrant,** [Complaint-
-Exhibit-"G"], and also on the Fraudulent Probable Cause
Affidavit in this case, [Complaint **Exhibit-"J"**]. **Judge Sheldon
Watkins** was also informed by Plaintiff via U.S. Mail, that
defendants -**Sgt. V.W. Tice**, and Lt. Paul Logan, had **forged a
Judicial Signature, or were the cause of the forged signature
represented as Judge Watkins on the** document **purporting to be
"Arrest Warrant".** Judge Watkins proceeded to Ignore Plaintiff's
complaint, thus allowing the use of his name on a Fraudulent,
Forged and Fictitious Document, **in assistance of the Criminal-
Enterprise of Jefferson Couny Shriff's dept**, and did support
the Conspiracy, to the financial harm of Plaintiff.

### PREDICATE ACTS OF SHELDON WATKINS

   That Sheldon Watkins did <u>wilfully aid and abet,</u> **pursuant to**
<u>18 USC §2</u>, the **Kidnapping of Plaintiff by Ficititious
Instruments,** as an <u>Accessory after the fact</u>, in violation of<u>-</u>

**(PAGE TWO)**

## COMPLAINT AGAINST SHELDON WATKINS

--**Titles 18 USC §3, and as principal**, in violation of **Title-18, USC §1201**-KIDNAPPING, whereas the Fake Warrant contained a provision for Bond,in the Amount of **$100,000**, which was used to **Hold Plaintiif for Ransom**, when No actual Judge set the -**"Bond"**.  Watkins thus allowed Plaintiff to be "Secreted Away". Judge Watkins did otherwise act to OBSTRUCT JUSTICE, in violation of **Title 18,U.S.C. 1512(b)(2)(A) and (B)**, part of witness tampering provisions, which provide in relative part:

"**Whoever knowingly...engages in misleading conduct toward another person, with the intent to...cause or induce any person to...withold a record, document, or other object, from an official proceeding** [or] alter,...**or conceal** and object with the intent to impair the **object's integrity or availability for use in an offical proceeding...**" And    same    was    **knowingly committed by Nonfeasance**, and Malfeasance whereas Watkins knew that this "Warrant" had been demanded by **State Writ of Habeas Corpus**, and that the document was in fact a fiction of Law. By his actions, Judge Sheldon Watkins did **deprive Plaintiff of Rights under color of Law**-with Special Circumstances, and in violation of **Title 18, U.S.C. §§241,242**.

On the above premises, your Plaintiff amends -his complaint.

DONE, -Pre Service of Complaint on any party,

THIS _28_ DAY OF APRIL, 2007,

By-

1st _Daniel L. Dumonde_

DANIEL L. DUMONDE, PLAINTIFF, PRO-SE

**(PAGE THREE)**