IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DANIEL LAFITTE DUMONDE, | * |
| -Plaintiff, | * |
| | * |
| VS. | * CASE No. 07-5151 |
| | * Dist. Court 07-cv-00629 JDB |
| D. DREW, WARDEN, PAUL D.- | * |
| CLEMENT, (Solictor General), | * |
| AND THE UNITED STATES, | * |
| -Defendants. | / |

### MOTION TO CONVERT APPEAL OF HABEAS CORPUS'-
### -JURISDICTIONAL ISSUES TO WRIT OF MANDAMUS

COMES NOW DANIEL LAFITTE DUMONDE, APPELLANT/PLAINTIFF in the above referenced Cause, a Writ for Habeas Corpus, and Moves in this Honorable Court on the Grounds of **Manifest Injustice**, pursuant to Title 28 U.S.C. §1651, to convert the basic Issue(s) of **Lack of Personal and Subject Matter Jurisdiction** contained in The Habeas Petition, and it's subsequent Appeal, to EMERGENCY RELIEF by Writ of Mandamus to The Northern District of Alabama District Court, at Birmingham, Alabama.

Extraordinary Circumstances attend Plaintiff's continued Actions to obtain Relief, where he remains in custody to suffer by Egregious means. Without calling into Question any intentional action by any Court Officer or Judiciary in relation to this action, Plaintiff Moves for relief from this Court as he is Entitled where the above Court apparently **Usurped Bad State Facts** to a Federal Cause of Action in Federal Case No Cr-04-B-0176-S, and has clear duty to correct.

(PAGE ONE)

Plaintiff seeks **Relief as a Matter of Law,** where the District Court at The Northern District of Alabama, **Has Clear Duty** to Vacate his Conviction resulting in his current **illegal confine- -ment,** based on **Fundamental Jurisdictional Error,** as follows:

**1.** The Precise Exact-Same set of facts for which became Federal Case **No. CR-04-B-0176-S,** were first **State of Alabama Facts,** which were on Appeal in The Alabama Court of Appeals- by Ex-Parte Habeas Corpus, -as an illegal Arrest, simultaneously as Plaintiff was Indicted by Fed and Federal Proceedings commenced to **Same BAD STATE FACTS.** (Habeas Corpus- -Exhibit **"S-3",** Alabama Court of Appeals Document, May 19,2004)

**2.** Federal **USURPATION** of the Same Bad State Facts in an **Unbroken -chain of State to Federal Custody,** was a **fundamental Miscarraige of Justice,** Denying **Basic Due Process of Law.**

**3.** The contested State Arrest has since been **Conclusively Proven to be an illegal SEIZURE in violation of the Fourth Amendment's- Simple-language Warrant Requirements,** here Ruthlessly violated, in concert with the Fifth and Fourteenth Amendments,U.S. Const- -itution.

THE SIMPLE FACT IS <u>ALABAMA'S APPEALS COURT JURISDICTION- WAS USURPED, AND PERSONAL JURISDICTION WAS NEVER OBTAINED.</u>

> " Mandamus is appropriate remedy in Supervision of
> District Courts by various Courts of Appeals"
> In Re **Virginia Electric and Power Co,** (1976,CA4 Va)
> -539 F 2d 357.

### VENUE

As Plaintiff's Habeas Corpus was brought and denied in this District, Mandamus should also Issue from District of Columbia Appeals Court, and as members of Eleventh Circuit where case-

-originates are named defendants, along with others, in R.I.C.O. Case No. 07-00715,(D.C.), therefore a conflict and presumption of Prejudice Exists in that Circuit.

Plaintiff seeks Relief for what cannot be reasonably argued-differently in this case: <u>IT WAS NOT IN THE DISCRETION OF THE GOVERNMENT TO SEIZE PLAINTIFF AND COMMENCE PROSECUTION TO BAD STATE FACTS THEN SIMULTANEOUSLY ON APPEAL</u>; -and-<u>IT WAS NOT IN THE DISCRETION OF THE COURT OR DISTRICT COURT JUDGE TO ADJUDICATE THIS PLAINTIFF'S RIGHTS TO THE SAME BAD STATE FACTS</u>, since <u>proven-Ipso-Facto</u>, through records of both State and Federal Proceedings and Documents, that the original State documents purporting to be "Arrest Warrant" and "Probable Cause" Affidavit[*2] were in fact-<u>Fraudulent and Unrecorded-FICTITIOUS INSTRUMENTS</u>. These used to Seize Plaintiff from his -<u>HOME</u>, and then Federal Government <u>Seizing State Detainee</u>, commencing Federal Proceedings while same were contested as illegal and Unconstitutional, and in violation of Alabama Law.

> "Under **28 U.S.C. §1651** writ of Mandamus may be issued when District court committed clear abuse of discretion or <u>engaged in **conduct amounting to Usurpation of judicial -power**</u>".
> <u>Allied Signal Recovery Trust and Signal, Inc.</u>, (2002,-CA3 Del) 298 F 3d 263, 39 BCD 250.
>                                                                (Emphasis Added)

In moving for Issuance of Mandamus, Plaintiff Asserts that The Government, and then the District Court at The Northern District of Alabama's actions were **Beyond it's Jurisdiction,** not merely erroneous within it's Jurisdiction, for apparent fact that **ALabama Code, 1975, <u>§§ 15-21-11;15-21-31</u>,** Prohibited Transfer of this State Detainee while facts were constested by State Habeas Corpus.

(PAGE THREE)

[*2] Habeas Corpus Exhibits-"G"&"J" & "L".

IN CONCLUSION,

The "S-3" ALabama Court of Appeals Document shows that the very same set of facts that has caused Appellant/Plaintiff's **illegal Federal Conviction and current confinement**, were in Fact on Appeal by <u>Ex-Parte</u> State Habeas Petition, as an <u>illegal Arrest</u>, at the <u>same time</u> of Federal <u>Usurpation</u> of same Facts. The Fed. Intevention caused the State to **Dismiss The State Habeas Writ**,- without citing Any Grounds, nor addressing the issue of illegal Arrest. Forced to an <u>illegal Federal Trial</u> in an <u>Unbroken chain of Custody</u>, The <u>**Fed. Never Had Personal Jurisdiction**</u>. The State "Arrest" has been Proven to be an <u>Illegal Seizure by Fraudulent And Fictitious State Instruments</u>, and the underlying facts show that the Fed. also did not have Subject Matter Jurisdiction.

The District of Columbia District Court has <u>**wrongly denied**</u> <u>certificate of Appealability</u>,[*3] this error being <u>apparent</u>. Plaintiff moves in this Honorable Court to Convert the Basic Jurisdictional Defect(s) Issues of instant Habeas Corpus, to **writ of Mandamus**, for which he is clearly Entitled.

> "When District Court has taken action which Party claims is beyond it's Jurisdiction, as distinguished from being erroneous within it's jurisdiction, court has power to set matters right under **28 USCS §1651**, and if orders complained of are not appealable it may treat appeals as petitions for mandamus".
> <u>Hartland v. Alaska Airlines</u>, (1976, CA9 Cal) 544 F-2d 992.

RESPECTFULLY SUBMITTED,

THIS __30__ DAY OF JULY, 2007,

By- /s/ *[signature]*

DANIEL L. DUMONDE, APPELLANT, PRO-SE
#21609-001, MOBILE-B,
F.P.C. Maxwell AFB, MONTGOMERY, AL.
(PAGE FOUR)

*3 D.C. District Court Order, July, 2, '07, Attached.

## PROOF OF SERVICE

That I, Daniel Lafitte DuMonde, **Plaintiff and Appellant**, Do hereby certify that I have caused a true Copy of the foregoing **-Motion to Convert Appeal of Habeas Corpus' Jurisdictional Issues to Writ of Mandamus"**, to be placed in the mail box of this Institution, correct U.S. Postage Affixed, and Addressed to the following Parties:

Clerk,
U.S. District Court
DIstrict of Columbia,
333 Constitution Ave. N.W.
Washington, D.C., 20001

Warden D. Drew,
F.P.C. Maxwell Air Force Base
Montgomery, Alabama, 36112

Judge (Chief) Sharon Lovelace Blackburn
U.S. DISTRICT COURT
Northern District of Alabama
1729 5th Avenue North,
Birmingham, Alabama, 35203

Paul D. CLement, Solicitor General
950 Pennsylvania Ave. N.W.
Washington, D.C., 20530

So Sworn by Title 28.U.S.C. §1746,
AND **DONE, THIS** 30 **DAY OF JULY,2007,**
By-
/s/ *Daniel L. DuMonde*
Daniel L. DuMonde, Appellant/Plaintiff
#21609-001, MOBILE-B
F.P.C. Maxwell AIr FOrce Base
MONTGOMERY, ALABAMA, 36112
(PAGE FIVE)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Daniel Lafitte Dumonde,<br><br>Petitioner,<br><br>v.<br><br>Warden D. Drew, *et al.*,<br><br>Respondents. | Civil Action No. 07-0629 (JDB) |

ORDER

This matter is before the Court on Order from the United States Court of Appeals for the District of Columbia Circuit, directing prompt notification of this Court's "issuance of either a certificate of appealability or statement why a certificate should not issue." Order (May 15, 2007). For the reasons stated in the memorandum opinion accompanying the dismissal order from which petitioner appeals, the Court finds that petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is

**ORDERED** that a certificate of appealability is **denied**.

**SO ORDERED**.

                                                                                 s/
                                          JOHN D. BATES
                                 United States District Judge

Dated: July 2, 2007

**EXHIBIT: DOC.3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Daniel Lafitte Dumonde,

Petitioner,

v().

Warden D. Drew, *et al.*,

Respondents.

Civil Action No. 07-0629 (JDB)

ORDER

This matter is before the Court on Order from the United States Court of Appeals for the District of Columbia Circuit, directing prompt notification of this Court's "issuance of either a certificate of appealability or statement why a certificate should not issue." Order (May 15, 2007). For the reasons stated in the memorandum opinion accompanying the dismissal order from which petitioner appeals, the Court finds that petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is

**ORDERED** that a certificate of appealability is **denied**.

**SO ORDERED.**

s/
JOHN D. BATES
United States District Judge

Dated: July 2, 2007

EXHIBIT: DOC.3

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-03-1126

Ex parte Daniel Lafitte Dumonde   (In re: State of Alabama vs. Daniel Lafitte Dumonde) (Jefferson District Court: DC2003-12747).

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 19th day of May, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Robert G. Cahill, District Judge
Hon. Anne-Marie Adams, District Clerk
Daniel Lafitte Dumonde, Pro Se
Hon. Troy King, Attorney General
Hon. M. David Barber, District Attorney

\*\* This Same State Case Became Federal-
-Case CR-04-B-0176. Doc. PROVES SAME-
FACTS WERE ON APPEAL AS ILLEGAL, ON-
-BEFORE AND AFTER FEDERAL PROCEEDINGS-
COMMENCED APRIL 30, 2004.

HABEAS CORPUS EXHIBIT-"S-3"